**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**ROBERT MCMILLION,**

            **Plaintiff,**

                              Index **4**.6: **17-CV-02596**

    -against-                       **PLAINTIFF'S**
                                            **MOTION IN LIMINE**

**PRESTIGE MOTOR SALES INC.,**

            **Defendant(s).**
-----------------------------------------------------------------X

**PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM OFFERING TESTTIMONY OR DOCUMENTATION THAT ANY WARRANTY WAS PURCHASED BY DEFENDANT**

      For the reasons stated below, Defendant should be included from offering testimony or documentation that it purchased a warranty in connection with plaintiff's transaction because Defendant completely failed to produce evidence of any warranty during discovery.

      Plaintiff served his First Demand for the Production of Documents and Things on defendant on or about September 14, 2017.

      Plaintiff's second demand therein sought "All contracts, whether executed or not, including modifications thereto, to which Plaintiff is a party (such as purchase agreement)."

      Plaintiff was forced to compel Defendant's production on two occasions [Dkt. 18, 19] because Defendant's first and second productions were deemed inadequate by the Court.

      When Defendant finally made its production, no warranty was produced despite the fact that the Retail Installment Contract dated January 18, 2017 shows a service contract with a price of $895 without identifying to whom that amount was allegedly paid.

      A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* when the evidence is clearly inadmissible. *See Luce*, 469 U.S. at 41 n.4; *see generally 75 Am. Jur. 2d Trial* § 98 (2007) (explaining a motion *in limine* may be used "to narrow the issues, shorten the

trial, and save costs for the litigants, it has been said that many courts will encourage the use of motions in limine whenever appropriate").

Under Rule 26(e), if a party learns that its initial disclosures or previous response to a document request is materially incomplete or incorrect, the party must supplement or correct that answer in a timely manner. *See* Fed. R. Civ. P. 26(e)(1). To give teeth to this requirement, the Federal Rules create a consequence for failure to timely supplement: the party may not use the previously undisclosed information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see also* Fed. R. Civ. P. 37(c) advisory committee note (1993) (stating that "automatic sanction" of exclusion "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence"); 8B Charles Alan Wright et al., *Federal Practice & Procedure (Civil)* § 2289.1 (3d ed. and 2017 Supp.). The purpose of Rule 37(c) is to prevent the practice of "sandbagging" an opposing party with new evidence. *See Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 265 (S.D.N.Y. 2016) (quoting *Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767 , 2015 WL 5333513, at *4 (S.D.N.Y. Sept. 14, 2015)).

Preclusion is not mandatory, however. *See, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006). Rather, a district court has "wide discretion" in deciding whether to impose sanctions and, if it does, what sanctions to impose. *Id.* at 294-98. The Second Circuit has held that a district court should consider a nonexclusive list of four factors: (1) the party's explanation for its failure to disclose, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party, and (4) the possibility of a continuance. *See id*. A finding of bad faith is not required before sanctions can be imposed under Rule 37(c)(1). *See id.* "The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless." *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) (citing *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012)).

Accordingly, under the circumstances at bar, even if Defendant does have documentation of a warranty or service contract applicable to Plaintiffs transaction, preclusion of the document or any testimony that Defendant purchased and received a warranty or service contract is appropriate.

                                                                                                   Respectfully submitted,

                                                                                                    _____/s/ (DK-7753)
                                                                                                   David M. Kasell, Esq.
                                                                                                   1038 Jackson Ave., #4
                                                                                                   Long Island City, NY 11101
                                                                                                   (718) 404-6668